UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

SEBASTIAN LOPEZ PINTO,

Petitioner

v.

PAMELA BONDI, *et al.*,

Respondents

Case No. 2:26-cv-00974-MMD-DJA

ORDER

Petitioner Sebastian Lopez Pinto, an immigration detainee challenging the lawfulness of his federal detention at Nevada Southern Detention Center, filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1-1 ("Petition")), an application to proceed *in forma pauperis* (ECF No. "IFP Application"), and a motion for the appointment of counsel (ECF No. 1-2 ("Motion for Counsel")). The Court finds that good cause exists to grant the IFP Application. (ECF No. 1.) The Court also finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1]

Broadly construing the Petition, Pinto asserts that his detention is unlawful and alleges "prolonged detention" without the opportunity of release on bond. (ECF No. 1-1 at 6.) Without more, the Petition is insufficient to determine if petitioner has already been subject to the 90-day mandatory removal period under 8 U.S.C. § 1231(a)(1)(A) or detained beyond the six-month presumptively reasonable period from *Zadvydas v. Davis,*

[1]Petitioners seeking habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. *See* 18 U.S.C. § 3006A; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

533 U.S. 678 (2001). The Court defers ruling on the Petition but directs service on the United States Attorney's Office for the District of Nevada.

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is granted. The Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within seven days of the date of this Order. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that if the FPD files a notice of appearance in this matter, it will have 30 days from the date of this Order to either file (1) an amended petition, or (2) a motion to dismiss the petition. The FPD shall effectuate service of the amended petition on the respondents.

It is further ordered that the Petition (ECF No. 1-1) is deferred.

It is further ordered that the Clerk of Court kindly:

1. File the Petition (ECF No. 1-1).

2. Add the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3. Send a copy of the Petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

4. Mail a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden,

Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

5.  Send, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to counsel for proper respondent John Mattos: Ashlee Hesman at ahesman@strucklove.com.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the respondents shall not transfer Petitioner out of this District until further order of the Court.[2]

DATED THIS 1st Day of April, 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]*See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3