UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SEBASTIAN LOPEZ PINTO,

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:26-cv-00974-MMD-DJA

ORDER

I.    **SUMMARY**

Petitioner Sebastian Lopez Pinto, an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center ("NSDC"), filed a counseled first amended petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 8 ("Petition").)[1] For the reasons discussed below, the Court grants the Petition and orders Petitioner released.

II.    **BACKGROUND**

Petitioner is a 21-year-old Colombian citizen. (ECF No. 8 at 2.) Petitioner entered the United States in March 2023 with his family to escape targeted gang violence. (*Id.*) In August 2025, Petitioner was arrested for two misdemeanor charges. (*Id.* at 4.) When Petitioner checked-in as directed at the Boise Immigration and Customs Enforcement ("ICE") office on January 21, 2026, ICE arrested Petitioner. (*Id.*) He has now been in ICE custody for nearly five months.

On April 13, 2026, an immigration judge ("IJ") denied Petitioner's claims for asylum and withholding of removal and ordered Petitioner removed to Colombia. (ECF No. 13-1.) At the end of the hearing ("Immigration Hearing"), the IJ asked Petitioner if he would

[1]Respondents responded (ECF Nos. 18, 19) and Petitioner replied (ECF No. 20).

like to "accept this decision as final or do you wish to appeal." (ECF No. 24 at 1:30:30.) Petitioner, appearing *pro se*, stated that he would like to accept and did not want to appeal. (*Id.*) The IJ asked whether "anybody tried to force or coerce" Petitioner into waiving his right to appeal the decision and Petitioner confirmed no. (*Id.*)

Approximately one week after the Immigration Hearing, Petitioner submitted a notice of appeal to the Board of Immigration Appeals ("BIA"), challenging the IJ's decision. (ECF Nos. 8 at 4; 17 at 3; 28 at 3; 25-2.) The BIA received Petitioner's appeal on April 27. (ECF No. 25-2.) The BIA rejected Petitioner's appeal for failure to provide a certificate of service on the opposing party. (*Id.* at 1 ("BIA Rejection Notice").) The BIA Rejection Notice, dated April 30 and addressed to Petitioner at NSDC, provided instructions on how to correct and refile the appeal. (*Id.*)

Petitioner filed a *pro se* petition for habeas corpus with this Court at the end of March. (ECF No. 1-1.) The Court appointed counsel to file an amended petition and "ordered that respondents shall not transfer Petitioner out of this District until further court order." (ECF No. 3 at 3 (citing *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966)).) After counsel filed the Petition (ECF No. 8), the Court directed Respondents to file a response by May 18 and attach various documents including the Form I-286 Initial Custody Determination and "documents reflecting any appeal of any immigration court orders." (ECF No. 9.)

On May 7, Petitioner filed an emergency motion indicating Petitioner had been transferred to a detention center in Florence, Arizona in violation of the Court's temporary injunction. (ECF No. 10 ("Emergency Motion").) Petitioner requests his return to Nevada and a stay of his removal. (*Id.*) In response, Respondents argue that the government did not "intentionally violate this Court's order and was under the mistaken belief" that because Petitioner waived his right of appeal, they were permitted to transfer Petitioner to effectuate his lawful deportation to Colombia. (ECF No. 13 at 2.) The Court directed

Petitioner to file a reply and temporarily enjoined Petitioner's removal. (ECF No. 14 (citing *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978)).) In reply, Petitioner confirmed that ICE transferred him back to NSDC after attempting to deport him to Mexico. (ECF No. 17 at 4.) Petitioner also identified Respondents' failure to comply with the Court's order to produce certain documents, including the Form I-286 and documents regarding immigration appeals. (*Id.* (quoting ECF No. 9).) The Court again ordered Respondents to produce the missing documentation and scheduled a hearing to determine whether Petitioner validly waived his right to appeal the IJ's removal order. (ECF No. 21.) Respondents filed a contemporaneous recording of the Immigration Hearing (ECF No. 24) as directed as well as the BIA Rejection Notice (ECF No. 25-2).[2] On June 11, 2026, the Court held a hearing ("Hearing") regarding the finality of Petitioner's removal order.

### III.    LEGAL STANDARD AND JURISDICTION

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

In their response to the Emergency Motion, Respondents argue that the Court lacks subject matter jurisdiction over the Petition under 8 U.S.C. § 1252(g). (ECF No. 17.) Respondents claim that because Petitioner is subject to a final order of removal, a contention the Court rejects below, Section 1252(g) bars hearing either the Petition or the

---

[2]In response, Petitioner filed a supplemental brief. (ECF No. 28.)

Emergency Motion since they are claims "arising from the decision or action by the Attorney General to … execute removal orders." (*Id.* at 2 (quoting 8 U.S.C. § 1252(g)).) Even if Petitioner were subject to a final removal order, the Supreme Court rejected the argument that Section 1252(g) deprives the Court of jurisdiction to review habeas petitions challenging the lawfulness of ongoing immigration detention after a final order of removal. *See Zadvydas*, 533 U.S. 678, 688 (2001); *see also Gallardo v. Mullin*, No. 2:26-CV-01135-MMD-MDC, 2026 WL 1229083, at *1 (D. Nev. May 5, 2026). The Court therefore rejects Respondents' argument and finds it has jurisdiction.

**IV.   DISCUSSION**

Petitioner argues in Ground One of the Petition that his continued detention violates the Immigration and Nationality Act and his Fifth Amendment constitutional right to due process. (ECF No. 8 at 5.) Respondents argue Petitioner is subject to a final order of removal and mandatory detention. (ECF No. 19.) The Court agrees with Petitioner and grants the Petition on this ground.

Individuals with final removal orders are subject to mandatory detention during a 90-day "removal period." 8 U.S.C. §§ 1231(a)(1), (2)(A). The removal period generally begins on the date a removal order becomes administratively final. *See id.* at § 1231(a)(1)(B). Federal regulations define the events that trigger administrative finality of an IJ's removal order, including "waiver of appeal by respondent" or "expiration of the time allotted for an appeal if the respondent does not file an appeal with that time." *See* 8 CFR §§ 1241.1(b), (c). "For a waiver to be valid, the government must establish by 'clear and convincing evidence' that the waiver is 'considered and intelligent.'" *United States v. Pallares-Galan*, 359 F.3d 1088, 1096-97 (9th Cir. 2004) (citation omitted).

The Court finds, for the sole purpose of this habeas petition,[3] that Petitioner's

---

[3]The issue of whether Petitioner validly waived his right to appeal for the purposes of appealing the underlying IJ order is outside the jurisdiction of this Court. *See* 8 U.S.C. § 1252(g) (depriving the Court of jurisdiction to hear "any cause or claim by or on behalf

4

waiver of appeal was not "considered and intelligent" and is therefore invalid. Petitioner concedes that he waived his right to appeal at the Immigration Hearing. (ECF Nos. 17 at 3; 13-1 at 5.) However, Petitioner alleges that his waiver was invalid because the IJ failed "to explain the consequences of waiver of his asylum case." (ECF No. 17 at 3.) Waiver is not "considered and intelligent" where an unrepresented individual does "not understand the consequences of the choices they [are] forced to make." *Pallares-Galan*, 359 F.3d at 1097 (quoting *United States v. Mendoza-Lopez,* 781 F.2d 111 (8th Cir. 1985), *aff'd*, 481 U.S. 828 (1987)). Here, the IJ did not explain that if Petitioner did not reserve the right to appeal, he would be removed to Colombia without any further opportunity to challenge the IJ's findings. The fact that Petitioner filed a notice of appeal to the BIA days later only further indicates that Petitioner's waiver at the Immigration Hearing was not "considered and intelligent." *See Orellana v. Sessions*, 736 F. App'x 635, 637 (9th Cir. 2018) (finding that appealing a removal order to the BIA "*after* purportedly waiving his appeal put the issue of the waiver's validity before the BIA" (emphasis in original)). Ultimately, the government "bears the burden to establish a valid waiver by clear and convincing evidence." *Garcia v. Lynch*, 786 F.3d 789, 792 (9th Cir. 2015) (citation omitted). At the Hearing, Respondents could not identify any authority to support their argument that Petitioner's waiver was valid, beyond referencing the Immigration Hearing recording. The Court therefore finds Respondents fail to meet their burden.

The Court further finds, again for the limited purpose of this Petition, that the IJ's removal order is not final due to "expiration of the time allotted for an appeal." 8 CFR § 1241.1(c). An immigration respondent must appeal to the BIA within 30 calendar days of an IJ's decision. *See id. at* § 1003.38(b). Despite Respondents' contrary assertions to the Court (ECF No. 19 at 3 ("Federal Respondents do not have any notice of appeal on file.")), Respondents' evidence confirms that Petitioner filed a timely Notice of Appeal to the BIA

---

of any alien arising from the decision or action by the Attorney General to … adjudicate cases).

just as he originally alleged. (ECF Nos. 25-2; 8 at 5; 17 at 3.) The BIA confirmed receipt of the Notice of Appeal on April 27, 2026, fourteen days after the IJ's order on April 13. (ECF Nos. 25-2, 13-1.) Petitioner did not receive the BIA Rejection Notice with instructions on how to cure a procedural defect because Petitioner was removed from NSDC in violation of this Court's order enjoining transfer. (ECF No. 28 at 3, 5, 7.) Petitioner and his counsel only received the BIA Rejection Notice after the Court ordered Respondents to produce the relevant documentation for a second time. (ECF Nos. 9, 21, 25-2.) Moreover, the BIA Rejection Notice affords Petitioner the opportunity to submit a motion to accept a late appeal by demonstrating diligence in the filing and "extraordinary circumstance" preventing timely filing. (ECF No. 25-2 at 2.) The government's unlawful transfer of Petitioner in violation of this Court's order, regardless of intent, likely qualifies as such an extraordinary circumstance.

In sum, the Court finds the IJ's removal order is not administratively final. Therefore, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A). This is the only argument Respondents raise to counter Petitioner's contention that he is a member of the certified class in *Jacobo Ramirez v. Mullin*, No. 25-CV-02136-RFB-MDC (D. Nev). (ECF No. 19.) The Court finds Petitioner successfully demonstrates he meets all of the class requirements as he: "(1) is a noncitizen without lawful status who was arrested and detained by ICE; (2) whose removal proceedings are before an Immigration Court within the District of Nevada; (3) who DHS alleged entered without inspection or parole; (4) who is not subject to mandatory detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231; and (5) whose most recent ICE arrest occurred in the interior of the United States." (ECF No. 8 at 6 (citing *Jacobo Ramirez v. Mullin*, No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026)).)

Petitioner alleges that he "must be released" because of his class member status. (ECF No. 8 at 5.) As Petitioner acknowledges, the class-wide relief afforded by the

6

declaratory judgement in *Jacobo Ramirez* includes "consideration for release on bond by immigration officers and immigration judges" rather than immediate release. (*Id.* at 6 (citing *Jacobo-Ramirez*, 2026 WL 879799, at *33).)

A district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions. *Ramirez Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). Recently, this Court has ordered *Jacobo Ramirez* class member petitioners released, specifically in cases where Respondents repeatedly violate Court orders. *See, e.g., Portillo v. Blanche*, No. 2:26-CV-01373-RFB-MDC, 2026 WL 1493876, at *6-9 (D. Nev. May 28, 2026); *Ramos-Diaz, v. Blanche*, No. 2:26-CV-01206-RFB-MDC, 2026 WL 1494052, at *6-8 (D. Nev. May 28, 2026). Here, Respondents violated the Court's order enjoining Petitioner's transfer by transferring Petitioner to Arizona. (ECF Nos. 3 at 3; 10 at 3-4; 17 at 1-2.) At the Hearing, Petitioner's counsel suggested that this transfer was an act of retaliation against Petitioner for seeking habeas relief. While the Court does not find evidence of intentional obstruction of justice on this record, the Court is not moved by Respondents' depiction of this violation at the Hearing as an "uh-oh."[4] Respondents also violated the Court's May 4 order to produce certain documents, including "documents reflecting any appeal of any immigration court orders." (ECF Nos. 9, 21.) Respondents only filed the key BIA Rejection Notice after the Court issued a second order, and despite Respondents' earlier representation that Petitioner did not file a Notice of Appeal. (ECF Nos. 21; 25-2; 19 at 2.) Finally, the Court finds Respondents continue an ongoing pattern of violating the order of declaratory relief in *Jacobo Ramirez*, which requires ICE to conduct initial custody determinations and issue I-286 Forms "in arresting and detaining

---

[4]The Court emphasizes the recurring nature of Respondents' "uh-oh*."* (ECF No. 10 at 5 n. 4); *see Gallardo v. Mullin*, No. 2:26-cv-01135 (D. Nev. Apr. 4, 2026) (ECF No. 18); *Jimenez Gomez v. Dep't of Homeland Sec.*, No. 2:26-CV-00922-RFB-DJA, 2026 WL 1164736, at *1-2 (D. Nev. Apr. 29, 2026) (collecting examples of Respondents violating this Court's explicit orders enjoining transfer of immigration habeas petitioners outside of District of Nevada). "By violating this Court's orders, Respondents are undermining their credibility and the rule of law." *Jimenez Gomez*, 2026 WL 1164736, at *2.

any Class Member." 2026 WL 879799, at *31 (D. Nev. Mar. 30, 2026); *Jacobo Ramirez v. Mullin*, No. 2:25-CV-02136-RFB-MDC, (D. Nev. June 1, 2026) (ECF No. 150). At the Hearing, Respondents conceded that there is no Form I-286 for Petitioner.

Respondents' repeated violations in this case alone undermines the Court's confidence in the agency and its counsel. "While ordering a prompt bond hearing at which the government bears the evidentiary burden by clear and convincing evidence may be an appropriate remedy in some cases, under these circumstances the Court declines to keep Petitioner detained as doing so would offer yet another opportunity for Federal Respondents to violate this Court's orders and due process." *Portillo*, 2026 WL 1493876, at *8. The Court therefore finds that release, "the typical remedy" for "unlawful executive detention," is the appropriate remedy here. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008).

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition (ECF No. 8) is granted. Respondents must immediately release Petitioner no later than 12:00 PM on Monday, June 15, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that the parties shall file a joint status report by Tuesday, June 16 confirming Respondents' compliance with this Order.

The Court denies the Emergency Motion (ECF No. 10) as moot.

///

///

8

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 12th Day of June 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE